JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Andrew Acevedo

**DEFENDANTS**

AutoZone Stores LLC, AutoZone, Inc., AutoZone Development, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Shelby County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Louis B. Himmelstein, Esquire; Louis B. Himmelstein & Associates, P.C.; (215) 790-9996

Attorneys *(If Known)*
Stephen J. Fleury, Jr., Esq., Chilton G. Goebel, III, Esq., Alyssa A. Adams, Esq.; Saxton & Stump, (484) 328-8553

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332, 1441, 1446

Brief description of cause:
Premises Liability - slip and fall

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
4/20/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Stephen J. Fleury, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**     **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**     **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**     **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**     **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**     **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**     **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**     **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**     **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW ACEVEDO, | : | |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| v. | : | |
| | : | |
| AUTOZONE STORES, LLC, | : | |
| AUTOZONE, INC., AUTOZONE | : | |
| DEVELOPMENT LLC, and JOHN DOE, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## DEFENDANTS' NOTICE OF REMOVAL

TO:    UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendants, AutoZone Stores, LLC; AutoZone Inc.; and AutoZone Development, LLC (collectively, "Removing Defendants"), by and through their counsel, Saxton & Stump, LLC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with a full reservation of any and all rights, claims, objections, and defenses, hereby file this Notice of Removal from the Philadelphia County Court of Common Pleas, in which the action is now pending under Case I.D. No. 260102751 ("State Court Action"), to the United States District Court for the Eastern District of Pennsylvania, and respectfully state:

1.      Plaintiff Andrew Acevedo initiated a lawsuit, the State Action, against the following defendants in the Philadelphia County Court of Common Pleas, when he filed a Complaint on or about January 22, 2026: Auto Zone, Auto Zone Inc., Auto Zone LLC, Auto Zone Stores LLC, and John Does.  A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2.      Following communications between counsel for Removing Defendants and counsel for Plaintiff as to the proper identities of the potentially liable parties, the Parties consented to and

Plaintiff filed a Stipulation to Amend Complaint, along with a proposed Amended Complaint, on March 11, 2025.  A copy of the Parties' Stipulation is attached hereto as Exhibit B.

3.      Plaintiff's Amended Complaint was filed March 25, 2026, wherein each of the Removing Defendants was named, along with fictitious Defendant Joe Doe.  A copy of the Amended Complaint is attached hereto as Exhibit C.

4.      At no time prior to the filing of Plaintiff's Amended Complaint were there grounds for removal to this Court.

5.      Removing Defendants now remove this matter from the Philadelphia County Court of Common Pleas to this Honorable Court based upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### DIVERSITY OF CITIZENSHIP

6.      There is complete diversity of citizenship between the parties to this action.

7.      The Amended Complaint alleges that Plaintiff is an adult individual who resides in the Commonwealth of Pennsylvania.  (*See* Ex. C ¶ 1 (herein, "Amend. Compl.").)

8.      In determining citizenship of a corporation, "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and the State or foreign state where it has its ***principal*** place of business . . . ."  28 U.S.C. § 1332(c)(1) (emphasis supplied).

9.      The Amended Complaint alleges that each of the Removing Defendants is a corporation (or other business entity) "which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania" and owned, possessed, controlled, maintained and/or leased the subject retail location at 2701 N. Second Street, Philadelphia, PA 19133.  Amend. Compl. ¶¶ 2-4.

10.     The Amended Complaint is wholly devoid of any allegations concerning each of

the Removing Defendants' respective state of incorporation or ***principle*** place of business.

11.     Each Removing Defendant is organized in the State of Nevada.  *See* Affidavit of Patrick Johnson in Support of Removal, a copy of which is attached hereto as Exhibit D,

12.     Each Removing Defendant has its headquarters and principal place of business located at 123 S. Front Street, Memphis, Tennessee.  Id.

13.     Based upon Removing Defendants' Affidavit of Patrick Johnson in Support of Removal, and the omission in Plaintiff's Amended Complaint of any averment bearing on any of Removing Defendants' state of incorporation or ***principle*** place of business, diversity of citizenship in this matter exists as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Removing Defendants are citizens of either the State of Nevada or the State of Tennessee.

## AMOUNT IN CONTROVERSY

14.     Plaintiff's Amended Complaint alleges claims that properly invoke the diversity jurisdiction of this Court.  *See* 28 U.S.C. § 1332.

15.     Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

16.     The Amended Complaint alleges that as a result of a May 17, 2024, slip and fall occurring at the retail store located at 2701 N. Second Street, Philadelphia, PA 19133, Plaintiff sustained:

> …serious, painful and permanent injuries, internally and externally, to his head, body, neck, back, shoulders, chest, arms, hands, wrists, hips, legs, knees and/or feet, and/or the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft

tissues attached thereto [which] were fractured, herniated, wrenched, bruised, and otherwise injured, including but not limited to hip contusion, shoulder sprain, lumbar myositis and disfunction, pelvic contusion, lumbar sprain and strain… other serious orthopedic and neurological injuries… severe shock to his nerves and nervous system… excruciating and agonizing aches, pains and mental anguish, some or all which may be permanent in nature.

Amend. Compl. ¶ 21.

17.     The Amended Complaint further alleges that Plaintiff "will continue to suffer great mental anguish, physical pain, and he has been hindered and prevented from performing and engaging in his usual labor, employment, duties, occupations, household chores, and pleasures thereby resulting in a loss, depreciation and diminution of his earnings and earning capacity…" Amend. Compl. ¶ 22.

18.     The Amended Complaint additionally alleges that Plaintiff has "incurred hospital, physicians and medical bills and expenses in and about an effort to cure himself of the foregoing injuries, and shall be obligated to continue to obtain hospital and medical treatment and to make such expenditures for an indefinite time in the future…" Amend. Compl. ¶ 23.

19.     Based upon the legal theories and categories of damages pled, a fair and reasonable reading of Plaintiff's Amended Complaint establishes that, in the event Plaintiff is able to prove his case, the amount in controversy exceeds the sum or value of $75,000.

## PROCEDURAL

20.     This action is removable to the United States District Court for the Eastern District of Pennsylvania, because it is the district court embracing the place where the action is pending.

*See* 28 U.S.C. §118(a).

21.     The filing of this Notice of Removal is timely, as it is filed within 30 days of Removing Defendants' counsel's receipt of the filed Amended Complaint on March 25, 2026. *See* 28 U.S.C. § 1446(b); *see also* Ex. C (reflecting the filing date).

22.     Removing Defendants have not yet filed an Answer or other pleading in response to the Amended Complaint.

23.     Plaintiff's naming as a Defendant "John Doe" does not defeat removal to this Honorable Court. *See* 28 U.S.C. §1441(b)(1) (for removal on the basis of diversity of citizenship, "…the citizenship of defendants sued under fictitious names shall be disregarded.").

24.     A copy of this Notice of Removal is being filed with the clerk of the state court from which this action has been removed and is being served upon all parties, in accordance with 28 U.S.C. § 1446(d).

25.     If any question arises as to the propriety of the removal of this action, Removing Defendants request the opportunity to present a brief and request oral argument in support of the removal.

26.     By filing this Notice of Removal, Removing Defendants do not waive any defenses, objections or motions available under state or federal law in this action.

WHEREFORE, Defendants AutoZone Stores, LLC, AutoZone Inc., and AutoZone Development, LLC, respectfully request, given all statutory requirements have been satisfied, that this action be removed to this Honorable Court.

Respectfully submitted,

SAXTON & STUMP, LLC

Dated: <u>April 20, 2026</u>          By:   <u>*/s/ Stephen J. Fleury Jr.*</u>
Chilton G. Goebel, III, Esquire
Attorney ID No. 92118
Stephen J. Fleury, Jr., Esquire
Attorney ID No. 309086
Alyssa A. Adams, Esquire
Attorney ID No. 306783
100 Deerfield Lane, Suite 240
Malvern, PA 19355

*Attorneys for Removing Defendants*

CERTIFICATE OF SERVICE

I, Stephen J. Fleury, Jr., Esquire, certify that on this date, I served a certified true and correct copy of the foregoing *Defendants' Notice of Removal*, and it is available for viewing and downloading on the Court's CM/ECF system.

Dated: April 20, 2026                    /s/ Stephen J. Fleury, Jr.
                                         Stephen J. Fleury, Jr., Esquire